**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES MEDICINE BLANKET,

      Petitioner - Appellant,

v.

GARY WATKINS, Warden;
ROSEBUD INDIAN RESERVATION
POLICE; U.S. MARSHAL'S
SERVICE,

      Respondents - Appellees.

No. 01-1513
(D.C. No. 01-Z-1936)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MCKAY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner-Appellant Charles Medicine Blanket, an inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying his habeas petition brought pursuant to 28 U.S.C § 2254.

We agree with the district court's conclusion that Mr. Medicine Blanket has not

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

exhausted his state court remedies, and we deny the COA and dismiss the appeal.

In September 1997, the Rosebud Indian Reservation Tribal Police, acting on a federal warrant, arrested Mr. Medicine Blanket in South Dakota and turned him over to federal marshals who then transported him to a county jail in Rapid City, South Dakota. After an extradition hearing, Mr. Medicine Blanket was transported to Colorado where he was tried and convicted of five counts of sexual assault and two counts of crimes of violence, and sentenced to 55 years in Colorado state prison.

Mr. Medicine Blanket's habeas petition challenges the validity of the arrest warrant, which he claims was obtained unlawfully. Further, he claims that the tribal requirements for extradition were violated when he was transported to Rapid City. Finally, he claims that he was denied his right to representation by counsel at the extradition hearing that was held. However, Mr. Medicine Blanket has not brought these issues to the Colorado Supreme Court.

This is Mr. Medicine Blanket's second habeas petition. His first petition was dismissed without prejudice for failure to exhaust state remedies by the federal district court in Colorado. Medicine Blanket v. Gary Watkins, No. 00-ES-2487 (D. Colo. Jan. 18, 2001). Mr. Medicine Blanket then filed a habeas petition in federal district court in South Dakota in September 2001, alleging the same issues. After concluding that proper venue lay in Colorado, the court transferred

the case there. The Colorado federal court again denied his application for a COA and dismissed the action without prejudice for failure to exhaust state remedies. Mr. Medicine Blanket seeks to appeal from that decision.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A state prisoner bringing a federal habeas petition must show that he has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied if the federal issue has been fairly presented to the highest state court, either by a direct review of the conviction or in a post-conviction attack. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The petitioner bears the burden of showing satisfaction of the exhaustion requirement. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

To determine whether Mr. Medicine Blanket is entitled to a COA when the district court has denied a habeas petition on procedural grounds, we examine whether he has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Mr. Medicine Blanket asserts that the Colorado state courts have no jurisdiction over the Rosebud Reservation or over the marshals who arrested him

there. Accordingly, he argues, he is entitled to an exception to the requirement for state exhaustion either because (i) of an absence of a State corrective process, or (ii) circumstances are such that the state process would be ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B).

The relevant party in a habeas action is the person holding the prisoner in what is alleged to be unlawful custody. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). In this case that is his present custodian, the warden at the Limon Correctional Facility, over whom the Colorado courts have jurisdiction. Therefore, there is an effective state process available to protect his rights. He must take these matters to the Colorado courts and exhaust these claims before filing a petition for habeas corpus. Further, it is not debatable that Mr. Medicine Blanket's proffered reason for not exhausting–that the State of Colorado lacks jurisdiction over these claims–lacks merit. Thus, Mr. Medicine Blanket does not qualify for either exception and he must exhaust his state remedies prior to seeking federal habeas corpus relief. 28 U.S.C. § 2254 (b)(1).

We DENY Mr. Medicine Blanket's request for a COA, DENY IFP, and DISMISS this appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -