FILED
United States Court of Appeals
Tenth Circuit

June 9, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHARLES G. MEDICINE BLANKET,

Petitioner - Appellant,

v.

HOYT BRILL, Warden, K.C.C.C.;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 10-1346
(D.C. No. 1:08-CV-02735-MSK-KLM)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

---

The district court granted Charles G. Medicine Blanket a certificate of

appealability ("COA") to challenge the dismissal of his 28 U.S.C. § 2254 habeas

application on exhaustion grounds. The court concluded that Mr. Medicine

Blanket failed to exhaust certain due process claims in his state post-conviction

proceedings, but it granted a COA because another district judge reached a

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contrary conclusion on preliminary review. We determine that Mr. Medicine Blanket did not exhaust his due process claims. Accordingly, we affirm.

## I. BACKGROUND

### A. *State Proceedings*

A Colorado court convicted Mr. Medicine Blanket of various sexual assault crimes involving a minor. Though he committed his crimes in Colorado, tribal police arrested him on the Rosebud Sioux Indian Reservation in South Dakota. He was taken into federal custody, temporarily held by South Dakota authorities, and extradited to Colorado for prosecution. The Colorado Court of Appeals ("CCA") affirmed his conviction, *People v. Medicine Blanket*, No. 98CA2307 (Colo. App. Sept. 21, 2000) (unpublished), and the Colorado Supreme Court denied his writ of certiorari, *Medicine Blanket v. People*, No. 01SC37 (Colo. April 9, 2001).

Mr. Medicine Blanket subsequently filed a pro se motion for post-conviction relief under Colorado Rule of Criminal Procedure 35(c), claiming, among other things, that he "was arrested under an invalid and illegal warrant and not given an extradition hearing." Aplt. App. at 68. More specifically, he alleged his Fourteenth Amendment due process rights were violated when he was arrested with an invalid federal warrant and then removed from the reservation without an extradition hearing. *Id.* at 87-89. Mr. Medicine Blanket also alleged his trial attorney rendered ineffective assistance by failing "to object to an invalid warrant

-2-

and no extradition proceeding." *Id.* at 68. None of these issues had been raised on direct criminal review to the CCA.

The state post-conviction court granted partial relief on unrelated grounds, rejected other ineffective assistance claims, and did not address the due process claims. Mr. Medicine Blanket appealed but raised no objection to the unresolved due process claims. Instead, with the help of a new attorney, he pursued only Sixth Amendment ineffectiveness claims, including one alleging that his trial lawyer should have contested the trial court's jurisdiction on account of the allegedly invalid federal warrant and extradition process.[1] The CCA affirmed, *People v. Medicine Blanket*, No. 06CA0978 (Colo. App. July 24, 2008) (unpublished), and the Colorado Supreme Court denied certiorari review, *Medicine Blanket v. People*, No. 08SC702 (Colo. Nov. 24, 2008). Mr. Medicine Blanket then initiated these federal habeas proceedings in the district court.

## B.  Federal Habeas Proceedings

Before this proceeding, Mr. Medicine Blanket had previously filed two federal habeas applications that were dismissed before they reached a merits decision. *See Medicine Blanket v. Watkins*, 44 F. App'x 350, 350-51 (10th Cir. 2002). When his subsequent efforts to secure collateral relief in the state courts

---

[1]     Post-conviction counsel before the CCA also assisted in the briefing of this appeal. We recently granted counsel's motion to withdraw, and accordingly, afford Mr. Medicine Blanket's pro se materials a liberal construction. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1210 n.1 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010).

failed, he returned to federal court pro se and attempted to resurrect his due process claims based on the allegedly invalid federal warrant and illegal extradition process. On preliminary review, a district judge determined these claims were exhausted in the state courts "in conjunction with" Mr. Medicine Blanket's argument that trial counsel was ineffective for failing to contest the trial court's jurisdiction. Aplt. App. at 287.

On subsequent merits review, however, a magistrate judge held the claims were not exhausted because "the CCA limited its analysis to the constitutional dimensions of the Sixth Amendment." *Id.* at 303. The magistrate judge explained that the CCA did not address whether the extradition satisfied due process requirements because post-conviction counsel did not raise that issue. And, because Mr. Medicine Blanket could no longer pursue his due process claims in state court, *see* Colo. R. Crim. P. 35(c)(3)(VII), the magistrate judge determined they were procedurally defaulted, *see Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), and subject to dismissal with prejudice. Over Mr. Medicine Blanket's objections, the district court adopted the report and recommendation, and granted a COA to resolve the controversy on the issue of exhaustion.

## II. ANALYSIS

We review the dismissal of a habeas application for failure to exhaust state remedies de novo. *Allen v. Zavaras*, 568 F.3d 1197, 1200 (10th Cir. 2009). Federal courts generally may not grant habeas relief to state prisoners unless all

available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas applicant must fulfill "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). This requirement allows state courts "'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). A fair presentation of claims need not "invoke talismanic language," *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989), or "cite 'book and verse on the federal constitution,'" but it must raise the "'substance' of the federal claim in state court," *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)).

## A.  *Record on State Court Collateral Review*

Our examination of the record reveals that Mr. Medicine Blanket did not pursue his due process claims through one complete round of the state's appellate process. Although he raised his due process claims in his Rule 35(c) motion to the state district court, his brief to the CCA abandoned them in favor of three Sixth Amendment ineffective assistance of counsel claims. Mr. Medicine Blanket

-5-

suggests the first of these ineffectiveness claims adequately raised the due process issues. We disagree. That claim was presented to the CCA as a straight-forward ineffective assistance of counsel issue: "The District Court Erred in Holding that Trial Defense Counsel was not Ineffective for Failing to Raise the Issue of the District Court's Jurisdiction Over the Defendant." R. Vol. 1 at 139. After setting forth the applicable Sixth Amendment standard established by *Strickland v. Washington*, 466 U.S. 668 (1984), Mr. Medicine Blanket explicitly argued that trial counsel was ineffective for failing to contest the trial court's jurisdiction.

Mr. Medicine Blanket's state appellate court brief focused on his Sixth Amendment ineffective assistance claim and did not raise his due process claims. Although his arrest and extradition serve as the basis for both claims, ineffective assistance and due process are analytically distinct. *Cf. Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986) (explaining that Fourth and Sixth Amendment claims are "distinct, both in nature and in the requisite elements of proof"). Mr. Medicine Blanket recognized the distinct nature of his claims when he raised them as separate constitutional violations in his Rule 35(c) motion. We cannot overlook the abandonment of Mr. Medicine Blanket's due process claims even if they share a similar factual predicate with his ineffective assistance of counsel claim. *See Duncan*, 513 U.S. at 366 (stating that "mere similarity of claims is insufficient to exhaust").

Moreover, it is not "enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). The CCA was not obligated to infer a due process claim from Mr. Medicine Blanket's brief when the brief did not raise the issue. *See Baldwin*, 541 U.S. at 32 ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief.").

Mr. Medicine Blanket asserts his due process claims were exhausted when the CCA addressed his extradition and arrest. *See* Aplt. Br. at 14. Again, we disagree. The CCA discussed the arrest and extradition solely to determine whether trial counsel was ineffective in failing to challenge the trial court's jurisdiction. Indeed, after detailing the controlling Sixth Amendment standards, the CCA stated it was evaluating whether "trial counsel's failure to challenge the trial court's jurisdiction" constituted ineffective assistance of counsel. Aplt. App. at 209. The CCA concluded that "trial counsel's decision not to challenge the [trial] court's jurisdiction [based on the extradition process] . . . was not below an objective standard of professional conduct." *Id.* at 211. The court reasoned that Colorado law rendered "such a challenge [to the trial court's jurisdiction] *unlikely* to succeed, despite [Mr. Medicine Blanket's] allegations that his arrest and extradition were defective." *Id.* (emphasis added). The CCA's Sixth Amendment analysis of the ineffective assistance of counsel claim did not address or resolve the merits of any alleged due process issue. We conclude that Mr. Medicine

Blanket did not advance his due process claims through one complete round of Colorado's appellate process.

## B. Mr. Medicine Blanket's Missing Transcript Argument

Mr. Medicine Blanket suggests another reason his due process claims were exhausted. By way of two pro se motions recently filed in this court, Mr. Medicine Blanket requests, among other things, to supplement the record with a missing portion of the transcript from his July 26, 2005, Rule 35(c) hearing.[2] He posits that this portion of the transcript will demonstrate he did exhaust his due process claims. If nothing else, Mr. Medicine Blanket claims, he was entitled to a hearing in the federal district court on the matter. We reject this theory for three reasons.

First, there is no missing portion of the transcript. Mr. Medicine Blanket previously requested and received the complete Rule 35(c) transcript and admitted he erred in his recollection of the verbal exchange he believed to be missing. Indeed, although he had been granted a hearing by the CCA to reconstruct the record of the July 26, 2005, hearing, Mr. Medicine Blanket successfully moved to

---

[2]     The first motion, dated March 26, 2011, is entitled: "Motion for Leave to Supplement the Record on Appeal Pending Review and to Raise Claim of Justifiable Excuse."

The second motion is dated April 13, 2011, and is captioned, "Motion for Leave to Fire Counsel and For Permission to Proceed Pro Se and to Supplement the Record on Appeal Pending Review and to Raise Claim of Justifiable Excuse."

vacate the new hearing, acknowledging that "nobody remember[ed] the sequence of events on [July 26] the way he remember[ed] it, and . . . even if he remembered it correctly, any correction to the transcript . . . would have little, if any, impact on his appeal." R. Vol. 2, Disc 1 (State Trial R. at 785-86). Second, we also reject this argument because the issue was already resolved in the state courts; consequently, a federal hearing is unnecessary. *See Dever*, 36 F.3d at 1535-36. And third, even if there were a missing portion of the transcript, and even if that portion showed that Mr. Medicine Blanket raised his due process claims in the state post-conviction district court, that would not add anything to the showing he has already made. The issue now is whether he pursued the due process claims through the state's remaining appellate process, which, we conclude, he has not.

## C. Procedural Default

The Supreme Court has held that habeas claims are procedurally defaulted if the state court to which an applicant would be required to present his unexhausted claims would conclude the claims are procedurally barred. *Coleman*, 501 U.S. at 735 n.1. Colorado law precludes Mr. Medicine Blanket from raising his due process claims again in state court. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought. . . ."). Accordingly, these claims are procedurally defaulted.

Mr. Medicine Blanket can overcome procedural default by showing cause and prejudice or a fundamental miscarriage of justice. *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). To show cause, he must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with state law. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, Mr. Medicine Blanket must demonstrate that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice provides only "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quotations omitted). Because Mr. Medicine Blanket makes no attempt to show cause or prejudice, and does not assert his innocence, the district court was correct to dismiss his claims with prejudice.

## III. CONCLUSION

The judgment of the district court is AFFIRMED. All outstanding motions and requests for relief are DENIED.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

-10-