FILED
United States Court of Appeals
Tenth Circuit

June 16, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES MEDICINE BLANKET,

Petitioner-Appellant,

v.

MICHAEL MILLER, Warden, C.C.C.F.;
JOHN W. SUTHERS, The Attorney
General of the State of Colorado,

Respondents-Appellees.

No. 14-1005
(D.C. No. 1:13-CV-01795-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Charles Medicine Blanket, a state prisoner proceeding pro se, seeks to appeal

the district court's dismissal of his motion under 28 U.S.C. § 2254 for lack of

jurisdiction after construing it as an unauthorized second or successive habeas

application. We deny a certificate of appealability (COA) and dismiss this

proceeding.

Medicine Blanket was convicted in Colorado state court of multiple counts

related to sexual assault on a child. He was sentenced in October 1998 to 55 years'

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. The judgment was affirmed on direct appeal, and the Colorado Supreme Court denied certiorari.

Medicine Blanket filed a § 2254 habeas application in December 2000. The district court dismissed that application without prejudice based on his failure to exhaust state remedies. *See Medicine Blanket v. Watkins*, 44 F. App'x 350, 350 (10th Cir. 2002). He filed another § 2254 application, which the district court dismissed in October 2001, again for failure to exhaust state remedies. This court denied a COA. *Id.* at 350-51.

In December 2008, Medicine Blanket filed a new § 2254 habeas application. The district court concluded that the claims in that application were not exhausted. But because Medicine Blanket could no longer pursue them in state court, it held that the claims were procedurally defaulted and dismissed them with prejudice. *See Medicine Blanket v. Brill*, 425 F. App'x 751, 753 (10th Cir. 2011). The district court granted a COA on the exhaustion issue. *See id.*

On appeal, we agreed with the district court, holding that Medicine Blanket's claims in his December 2008 habeas application were not fully exhausted, *id.*, but they were procedurally defaulted, *id.* at 755. Noting that he could "overcome procedural default by showing cause and prejudice or a fundamental miscarriage of justice" based on a claim of actual innocence, we held that, "[b]ecause Mr. Medicine Blanket makes no attempt to show cause or prejudice, and does not assert his innocence, the district court was correct to dismiss his claims with prejudice." *Id.* at 755-56.

Medicine Blanket filed his latest § 2254 habeas application in August 2013. In light of the district court's dismissal with prejudice of his previous application filed in 2008, the court held this new filing was an unauthorized second or successive habeas application and dismissed it for lack of jurisdiction. Medicine Blanket filed a notice of appeal.

Medicine Blanket must obtain a COA to pursue an appeal. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding state prisoner must obtain COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" (internal quotation marks omitted)); *cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding federal prisoner must obtain COA to appeal district court's dismissal of unauthorized second or successive motion under 28 U.S.C. § 2255 for lack of jurisdiction). Because the district court's ruling rested on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner's ability to bring a second or successive § 2254 habeas application is limited. After a prisoner has filed a first § 2254 petition, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Although we liberally construe Medicine Blanket's pro se application for a COA, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), we have difficulty discerning his contentions of error in the district court's dismissal of his latest § 2254 habeas application for lack of jurisdiction. He complains that the district court failed to construe his habeas application liberally. He does not show, however, that a more liberal construction could alter the district court's conclusion that his application was second or successive and unauthorized.

Medicine Blanket argues further that the district court failed to consider his supporting facts and should have given him the opportunity to assert cause and prejudice to overcome his procedural default on his ineffective-assistance-of-counsel claims. But because he had filed an unauthorized second or successive application, the district court had no jurisdiction to consider these issues. *See In re Cline*, 531 F.3d at 1251.

Medicine Blanket also asserts that jurisdiction over his claims arises under Fed. R. Crim. P. 41 and 18 U.S.C. § 1073. Rule 41 prescribes the authority and procedures for issuing and obtaining search and seizure warrants. Section 1073 defines the crime of unlawful flight to avoid prosecution. Medicine Blanket does not explain how the rule or the statute grants the district court jurisdiction to consider second or successive habeas claims. Rather, he appears to be arguing the merits of one or more of his claims.

Next Medicine Blanket contends that the district court erred in deciding his habeas application was second or successive because a state appellate court had ruled

that one of his claims, in which he asserted his post-conviction counsel was ineffective, was not "successive." But the district court properly applied the governing federal law to determine that his August 2013 § 2254 habeas application, which he filed after his previous application was dismissed with prejudice, was second or successive and required this court's authorization.

Finally, Medicine Blanket makes passing references to Fed. R. Civ. P. 60(b), perhaps suggesting that the district court had jurisdiction to review his claims under that rule. He does not develop this argument, nor did he file a motion under Rule 60(b) in the district court.

We hold that jurists of reason would not debate the correctness of the district court's dismissal of Medicine Blanket's § 2254 habeas application for lack of jurisdiction as an unauthorized second or successive application. Accordingly, we deny a COA and dismiss the appeal. We deny Medicine Blanket's motion for appointment of counsel, but grant his application to proceed on appeal without prepayment or fees and costs.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 5 -